


THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone: 415/674-8600
Facsimile: 415/674-9900

*E-filing*

Attorneys for Plaintiff
CRAIG YATES and LES JANKEY, each an individual

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA



CRAIG YATES and LES JANKEY, each an individual,

      Plaintiffs,

v.

CLEMENTINE RESTAURANT LLC, a California Limited Liability Company dba as) CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC., a California Corporation dba as CLEMENTINE; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST,

      Defendants.

**CASE NO.**
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1  Plaintiffs CRAIG YATES and LES JANKEY, each an individual, complains of

2  defendants' CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC.; and

3  JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST,

4  dba CLEMENTINE RESTAURANT and allege as follows:

5  **INTRODUCTION:**

6  1.  This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiffs CRAIG YATES, LES JANKEY and the disability

8  community are members, for failure to remove architectural barriers structural in nature at

9  defendants' CLEMENTINE RESTAURANT, a place of public accommodation, thereby

10  discriminatorily denying plaintiffs and the class of other similarly situated persons with physical

11  disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit

12  from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive

13  relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101,

14  *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code

15  §19955, *et seq.*

16  2.  Plaintiff CRAIG YATES and plaintiff LES JANKEY each is a person with

17  physical disabilities who, on or about October 27, 2007, March 26, 2008, April 16, 2008, July 23,

18  2008, November 11, 2008, January 13, 2009, March 27, 2009 and May 20, 2009, was an invitee,

19  guest, patron, customer at defendants' CLEMENTINE RESTAURANT, in the City of San

20  Francisco, California.  Plaintiff LES JANKEY is limited to the October 2007 visit.  At said time

21  and place, defendants failed to provide proper legal access to the restaurant, which is a "public

22  accommodation" and/or a "public facility" including, but not limited to the entrance, path of

23  travel, men's restroom and women's restroom.  The denial of access was in violation of both

24  federal and California legal requirements, and plaintiff CRAIG YATES and plaintiff LES

25  JANKEY each suffered violation of their civil rights to full and equal access, and was

26  embarrassed and humiliated.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 126 Clement Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.     Plaintiff CRAIG YATES and plaintiff LES JANKEY each is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES and plaintiff LES JANKEY each is a "person with physical disabilities", as defined by all applicable California and United States laws.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff CRAIG YATES is a triplelegic.  Plaintiff CRAIG YATES requires the use of a

2  wheelchair to travel about in public.  Plaintiff LES JANKEY has a congenital deformity of both

3  lower extremities. Plaintiff LES JANKEY requires the use of a wheelchair to travel about in

4  public.  Consequently, plaintiff CRAIG YATES and plaintiff LES JANKEY each is a member of

5  that portion of the public whose rights are protected by the provisions of Health & Safety Code

6  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

7  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

8  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

9  §12101, *et seq.*

10      6.      Defendants CLEMENTINE RESTAURANT LLC; MANJOAN FOOD

11  SERVICES, INC.; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the

12  LORDA FAMILY TRUST (hereinafter alternatively collectively referred to as "defendants") are

13  the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees,

14  of the public accommodation known as CLEMENTINE RESTAURANT, located at/near 126

15  Clement Street, San Francisco,  California, or of the building and/or buildings which constitute

16  said public accommodation.

17      7.      At all times relevant to this complaint, defendants CLEMENTINE

18  RESTAURANT LLC; MANJOAN FOOD SERVICES, INC.; and JEAN B. LORDA and

19  ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, own and operate in joint

20  venture the subject CLEMENTINE RESTAURANT as a public accommodation.  This business

21  is open to the general public and conducts business therein.  The business is a "public

22  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

23  51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

24  *seq.*

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8.     At all times relevant to this complaint, defendants CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC.; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST are jointly and severally responsible to identify and remove architectural barriers at the subject CLEMENTINE RESTAURANT pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201     General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.     The CLEMENTINE , is a restaurant, located at/near 126 Clement Street, San Francisco, California.  The CLEMENTINE RESTAURANT, its entrance, path of travel, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the CLEMENTINE RESTAURANT and each of its facilities, its entrance, path of travel, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.     On or about December 22, 1998, defendants' and each of them purchased and/or took possessory control of the premises now known as CLEMENTINE RESTAURANT.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, and/or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that CLEMENTINE  was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated the CLEMENTINE RESTAURANT as though it was accessible.

11.     At all times stated herein, defendants, and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the CLEMENTINE RESTAURANT as being handicapped accessible and handicapped usable.

13.     For almost two (2) years, plaintiff CRAIG YATES unsuccessfully attempted by letter and in person to persuade the assumed principal of CLEMENTINE RESTAURANT LLC, to provide full access to the restaurant.  This would have precluded the need for this litigation had full access been provided for plaintiff CRAIG YATES, plaintiff LES JANKEY and the disability community.

14.     On or about March 26, 2008, April 16, 2008, July 23, 2008, November 11, 2008, January 13, 2009, March 27, 2009 and May 20, 2009, plaintiff CRAIG YATES was an invitee and guest at the subject CLEMENTINE RESTAURANT, sometimes alone and other times with friends/family, for purposes of having food and beverage.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.     On or about March 26, 2008, April 16, 2008, July 23, 2008, November 11, 2008, January 13, 2009, March 27, 2009 and May 20, 2009, plaintiff CRAIG YATES encountered:

- an entry with no strike side clearance and a small level landing;
- a path of travel from the entry door to the host/hostess podium blocked by chairs; and
- a men's restroom which was not accessible nor usable by plaintiff CRAIG YATES.

16.     On or about March 26, 2008, April 16, 2008, July 23, 2008, November 11, 2008, January 13, 2009, March 27, 2009 and May 20, 2009, plaintiff CRAIG YATES upon reaching the entry door, struggled, stressed and strained to open the door due to excessive door pressure at all times stated.  Often a patron inside, while waiting for a table, opened the door for plaintiff CRAIG YATES.

17.     On or about and between December 19, 2007 and March 26, 2008, plaintiff CRAIG YATES had the opportunity to speak directly to Philippe Gardelle.

18.     On or about and during the month of February 2008, plaintiff CRAIG YATES met with Philippe Gardelle while the subject restaurant was closed to discuss access issues to wit:

- removing tables and a trash can in the women's restroom;
- making the women's restroom the accessible restroom with a automatic door opens swinging out;
- installing a power door at the entrance; and
- path of travel between tables.

19.     On or about Wednesday, March 26, 2008, plaintiff CRAIG YATES met Philippe Gardelle at CLEMENTINE RESTAURANT.  They discussed all the architectural barrier issues stated herein.  Gardelle stated in substance, that all barrier issues would be addressed.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20.     On or about March 28, 2008, plaintiff CRAIG YATES wrote Mr. Gardelle a follow-up letter relative to the remodel of the restaurant; the restrooms; the contractor/architect; front door access; and possibly putting the entry door back on the right/east side of the building. Plaintiff CRAIG YATES concluded his letter by giving Mr. Gardelle the phone numbers for Pacific ADA, and the Department of Justice to secure information and asked that Mr. Gardelle solve the problem.

21.     Prior to August 15, 2008, plaintiff CRAIG YATES had dined at CLEMENTINE RESTAURANT and did not see any remodel work undertaken since his March 28, 2008 letter. Therefore, on or about August 15, 2008, plaintiff CRAIG YATES once again wrote Mr. Gardelle, owner of the building and manager.  Again, plaintiff CRAIG YATES raised the following issues:

- • prior contacts with Mr. Gardelle;
- • the restrooms;
- • the entrance;
- • passage of time;
- • wheelchair friendliness; and
- • simple fix.

22.     On or about August 23, 2008, Philippe Gardelle wrote plaintiff CRAIG YATES a response letter which in substance stated: He would love to meet again with plaintiff CRAIG YATES.

23.     On or about September 8, 2008, plaintiff CRAIG YATES responded to Mr. Gardelle's letter of August 23, 2008.  Frustration was evident.  Plaintiff CRAIG YATES wrote in substance: "See all my prior correspondence; put a door back on the east side of the building; fix the restrooms; call your contractor; just start on it."

24.     On or about May 20, 2009, upon plaintiff CRAIG YATES's return to the CLEMENTINE RESTAURANT, not one of the remedial measures requested by plaintiff CRAIG YATES had been addressed by defendants.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    25.    Up to and including May 25, 2009, Philippe Gardelle informed plaintiff CRAIG

2    YATES that the following would be done at CLEMENTINE RESTAURANT:

3        •    provide an automatic entry door;

4        •    re-slope the ramp to the entry door;

5        •    convert the men's and women's restroom to a unisex by making the

6             women's the accessible restroom with the door swinging out;

7        •    trash container to be wall hung; and

8        •    chairs to be removed near podium.

9    26.    Mr. Gardelle imparted to plaintiff CRAIG YATES that he, Gardelle was aware

10   of the implications of the Americans with Disabilities Act (ADA), as another piece of property

11   that he was involved with at or near Arguello and Geary Boulevard was subject to an access

12   claim.

13   27.    On or about October 27, 2007, plaintiff LES JANKEY was an invitee and guest at

14   the subject CLEMENTINE RESTAURANT, for purposes of having food and beverage.

15   28.    On or about October 27, 2007, plaintiff LES JANKEY encountered:

16       •    an entry with no strike side clearance and a small level landing;

17       •    a path of travel from the entry door to the host/hostess podium blocked by

18            chairs; and

19       •    a men's restroom which was not accessible nor usable by plaintiff LES

20            JANKEY.

21   29.    On or about December 14, 2007 and December 19, 2007, plaintiff LES JANKEY

22   wrote both the landlord and the tenants and informed each of them of the steep ramp, entry door

23   access problem, difficulty with the path of travel between tables and a request to check the

24   restrooms for access.  Plaintiff LES JANKEY did not receive a response.

25   30.    Plaintiff LES JANKEY also explained that plaintiff CRAIG YATES used a power

26   wheelchair and that he, plaintiff LES JANKEY used a manual wheelchair.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31.     Therefore, at said times and place, plaintiffs CRAIG YATES and LES JANKEY, each is a person with a disability, encountered the following inaccessible elements of the subject CLEMENTINE RESTAURANT which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

     a.     lack of an accessible entrance due to an excessively sloped ramp; and stall landing area without a power door;

     b.     lack of a handicapped-accessible women's public restroom;

     c.     lack of clear path of travel between dining tables;

     d.     lack of clear path of travel from the dining area tables to the restrooms;

     e.     lack of clear path of travel from the entry door to the host/hostess podium; and

     f.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

32.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

33.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34.     As a legal result of defendants CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC.,; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiff suffered the damages as alleged herein.

35.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES  suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about March 26, 2008, April 16, 2008, July 23, 2008, November 11, 2008, January 13, 2009, March 27, 2009 and May 20, 2009 (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry door by maintaining excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the entry door.

36.     Further, plaintiffs CRAIG YATES and LES JANKEY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

///

///

37.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiffs CRAIG YATES's and LES JANKEY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES and plaintiff LES JANKEY harm as stated herein.

38.    Plaintiff CRAIG YATES and plaintiff LES JANKEY each was denied his rights to equal access to a public facility by defendants CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC.,; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, because defendants CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC.; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance, path of travel, men's restroom, women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

39.    On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

40.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the CLEMENTINE RESTAURANT to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the restaurant as a public facility.

///
///
///
///
///
///

1    41.    Plaintiff CRAIG YATES seeks damages for violation of his civil rights on

2  March 26, 2008, April 16, 2008, July 23, 2008, November 11, 2008, January 13, 2009, March 27,

3  2009 and May 20, 2009 and seeks statutory damages of not less than $4,000, pursuant to Civil

4  Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that

5  the trier of fact (court/jury) determines was the date that some or all remedial work should have

6  been completed under the standard that the landlord and tenant had an ongoing duty to identify

7  and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff

8  CRAIG YATES from returning to the subject public accommodation because of his  knowledge

9  and/or belief that neither some or all architectural barriers had been removed and that said

10  premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

11    42.    Plaintiff LES JANKEY seeks damages for violation of his civil rights on

12  October 27, 2007 and seeks statutory damages of not less than $4,000, pursuant to Civil Code

13  §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the

14  trier of fact (court/jury) determines was the date that some or all remedial work should have been

15  completed under the standard that the landlord and tenant had an ongoing duty to identify and

16  remove architectural barriers where it was readily achievable to do so, which deterred plaintiff

17  LES JANKEY from returning to the subject public accommodation because of his  knowledge

18  and/or belief that neither some or all architectural barriers had been removed and that said

19  premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

20    43.    On information and belief, defendants have been negligent in their affirmative duty

21  to identify the architectural barriers complained of herein and negligent in the removal of some or

22  all of said barriers.

23    44.    Because of defendants' violations, plaintiffs and other persons with physical

24  disabilities are unable to use public facilities such as those owned and operated by defendants on a

25  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

26  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

27  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

28  defendants to make the CLEMENTINE RESTAURANT accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

45.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiffs' visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants  and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

46.     Plaintiffs are informed and believe and therefore allege that defendants CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC.; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, and each of them, caused the subject building(s) which constitute the CLEMENTINE RESTAURANT to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the restaurant and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the subject restaurant and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiffs CRAIG YATES, LES JANKEY, and other members of the disability community.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the CLEMENTINE RESTAURANT and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, plaintiff LES JANKEY himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the CLEMENTINE RESTAURANT accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiffs and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the CLEMENTINE RESTAURANT. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

48.     Plaintiffs CRAIG YATES, LES JANKEY and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and LES JANKEY, each an individual and Against Defendants CLEMENTINE RESTAURANT LLC, a California Limited Liability Company dba as CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC., a California Corporation dba as CLEMENTINE; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, inclusive)
(42 U.S.C. §12101, *et seq.*)

49.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this complaint.

50.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

51.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     52.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3 Operated by Private Entities" (Section 301 42 U.S.C. §2181, *et seq.*).  Among the public

4 accommodations identified for purposes of this title was:

5             (7)    PUBLIC ACCOMMODATION - The following private
entities are considered public accommodations for purposes of this
6             title, if the operations of such entities affect commerce -

                                   ---

7             (B) a restaurant, bar or other establishment serving food or drink.

8       42 U.S.C. §12181(7)(B)

9     53.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

10 on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

11 privileges, advantages, or accommodations of any place of public accommodation by any person

12 who owns, leases, or leases to, or operates a place of public accommodation."

13     54.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

14 42 U.S.C. §12182(b)(2)(a) are:

15             (I)    the imposition or application of eligibility criteria
that screen out or tend to screen out an individual with a disability
16             or any class of individuals with disabilities from fully and equally
enjoying any goods, services, facilities, privileges, advantages, or
17             accommodations, unless such criteria can be shown to be necessary
for the provision of the goods, services, facilities, privileges,
18             advantages, or accommodations being offered;

19             (ii)    a failure to make reasonable modifications in
policies, practices, or procedures, when such modifications are
20             necessary to afford such goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities,
21             unless the entity can demonstrate that making such modifications
would fundamentally alter the nature of such goods, services,
22             facilities, privileges, advantages, or accommodations;

23             (iii)    a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
24             services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
25             unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
26             privilege, advantage, or accommodation being offered or would
result in an undue burden;

27 ///

28 ///

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

55.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of CLEMENTINE RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

56.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Each plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

57.     On information and belief, construction work on, and modifications of, the subject building(s) of CLEMENTINE RESTAURANT occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

58.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that each plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

59.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about May 20, 2009, and plaintiff LES JANKEY has not returned to defendants' premises since on or about October 27, 2007, but on information and belief, each plaintiff alleges that defendants have continued to violate the law and deny the rights of each plaintiff and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

60.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

II.   **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and LES JANKEY, each an individual and Against Defendants CLEMENTINE RESTAURANT LLC, a California Limited Liability Company dba as CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC., a California Corporation dba as CLEMENTINE; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

61.   Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 60 of this complaint.

62.   At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

63.   California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

64.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

65.     Plaintiff CRAIG YATES and plaintiff LES JANKEY each is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs  have been and continue to be denied full and equal access to defendants' CLEMENTINE RESTAURANT.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the restaurant because of their knowledge and belief that the subject restaurant is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

66.     On or about October 27, 2007, March 26, 2008, April 16, 2008, July 23, 2008, November 11, 2008, January 13, 2009, March 27, 2009 and May 20, 2009, plaintiffs CRAIG YATES and LES JANKEY suffered violations of Civil Code §§54 and 54.1 in that plaintiffs CRAIG YATES and LES JANKEY were denied access to entrance, path of travel, men's restroom, women's restroom and other public facilities as stated herein at the CLEMENTINE RESTAURANT and on the basis that plaintiff CRAIG YATES and plaintiff LES JANKEY each was a person with physical disabilities.

67.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about March 26, 2008, April 16, 2008, July 23, 2008, November 11, 2008, January 13, 2009, March 27, 2009 and May 20, 2009 (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry door by maintaining excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the entry door.

68.     Further, plaintiff CRAIG YATES and plaintiff LES JANKEY each suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    69.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

2 and seek the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs

3 rights as a person or an entity that represents persons with physical disabilities on or about

4 October 27, 2007, March 26, 2008, April 16, 2008, July 23, 2008, November 11, 2008, January

5 13, 2009, March 27, 2009 and May 20, 2009, and on a continuing basis since then, including

6 statutory damages, a trebling of all of actual damages, general and special damages available

7 pursuant to §54.3 of the Civil Code according to proof.

8    70.    As a result of defendants', and each of their, acts and omissions in this regard,

9 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

10 plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

11 disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

12 the provisions of Civil Code §54.3, plaintiffs' therefore will seek recovery in this lawsuit for all

13 reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

14 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

15 to compel the defendants to make their facilities accessible to all members of the public with

16 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

17 the provisions of §1021.5 of the Code of Civil Procedure.

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and LES JANKEY, each an individual and Against Defendants CLEMENTINE RESTAURANT LLC, a California Limited Liability Company dba as CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC., a California Corporation dba as CLEMENTINE; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, inclusive)
(Health & Safety Code §19955, *et seq.*)

71.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 70 of this complaint.

72.    Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

73.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the CLEMENTINE RESTAURANT and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the CLEMENTINE RESTAURANT  and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

74.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the CLEMENTINE RESTAURANT and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

75.     Restaurants such as the CLEMENTINE RESTAURANT are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

76.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied their rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as a person with physical disabilities to full and equal access to public facilities.

77.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil

2   Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation

3   expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs

4   will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

5           78.   Plaintiffs seek injunctive relief for an order compelling defendants, and each of

6   them, to make the subject place of public accommodation readily accessible to and usable by

7   persons with disabilities.

8   **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
         EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

9          **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
         SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

10          (On Behalf of Plaintiffs CRAIG YATES and LES JANKEY, each an individual and
         Against Defendants CLEMENTINE RESTAURANT LLC, a California Limited Liability

11          Company dba as CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES,
         INC., a California Corporation dba as CLEMENTINE; and JEAN B. LORDA and ANNIE

12          F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, inclusive)
         (Civil Code §51, 51.5)

13          79.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

14   allegations contained in paragraphs 1 through 78 of this complaint.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

80.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

81.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

82.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §49, *et seq.*, as if repled herein.

///
///
///
///
///
///

83.     As a legal result of the violation of plaintiffs CRAIG YATES's and LES JANKEY's  civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages and bodily injury on or about March 26, 2008, April 16, 2008, July 23, 2008, November 11, 2008, January 13, 2009, March 27, 2009 and May 20, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry door by maintaining excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open the entry door.

84.     Further, plaintiff CRAIG YATES and plaintiff LES JANKEY each suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiffs' damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiffs on the sole basis that each plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

85.     Plaintiff CRAIG YATES and plaintiff LES JANKEY each is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and LES JANKEY, each an individual and Against Defendants CLEMENTINE RESTAURANT LLC, a California Limited Liability Company dba as CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC., a California Corporation dba as CLEMENTINE; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST , inclusive)
(42 U.S.C. §12101, *et seq.*)

1.   For injunctive relief, compelling defendants CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC.; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, inclusive, to make the CLEMENTINE RESTAURANT, located at 126 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.   For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.   For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and LES JANKEY, each an individual and Against Defendants CLEMENTINE RESTAURANT LLC, a California Limited Liability Company dba as CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC., a California Corporation dba as CLEMENTINE; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   For injunctive relief, compelling defendants CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC.; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, inclusive, to make the CLEMENTINE RESTAURANT, located at 126 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

///

1    2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2 each occasion on which plaintiffs were deterred from returning to the subject public

3 accommodation.

4    3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

5 if plaintiffs are deemed the prevailing party;

6    4.    Treble damages pursuant to Civil Code §54.3;

7    5.    General damages according to proof;

8    6.    For all costs of suit;

9    7.    Prejudgment interest pursuant to Civil Code §3291; and

10    8.    Such other and further relief as the court may deem just and proper.

11 **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
12 (On Behalf of Plaintiffs CRAIG YATES and LES JANKEY, each an individual and Against Defendants CLEMENTINE RESTAURANT LLC, a California Limited Liability Company dba as CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES,
13 INC., a California Corporation dba as CLEMENTINE; and JEAN B. LORDA and ANNIE
14 F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, inclusive)
15 (Health & Safety code §19955, *et seq.*)

16    1.    For injunctive relief, compelling defendants CLEMENTINE RESTAURANT LLC;

17 MANJOAN FOOD SERVICES, INC.; and JEAN B. LORDA and ANNIE F. LORDA, as

18 TRUSTEES for the LORDA FAMILY TRUST, inclusive, to make the CLEMENTINE

19 RESTAURANT, located at 126 Clement Street, San Francisco, California, readily accessible to

20 and usable by individuals with disabilities, per state law.

21    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

22 alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

23    3.    For all costs of suit;

24    4.    For prejudgment interest pursuant to Civil Code §3291;

25    5.    Such other and further relief as the court may deem just and proper.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and LES JANKEY, each an individual and Against Defendants CLEMENTINE RESTAURANT LLC, a California Limited Liability Company dba as CLEMENTINE RESTAURANT LLC; MANJOAN FOOD SERVICES, INC., a California Corporation dba as CLEMENTINE; and JEAN B. LORDA and ANNIE F. LORDA, as TRUSTEES for the LORDA FAMILY TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff s were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

6. Prejudgment interest pursuant to Civil Code §3291; and

///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      7.     Such other and further relief as the court may deem just and proper.

2

3  Dated: _____, 2009    THOMAS E. FRANKOVICH,
                               *A PROFESSIONAL LAW CORPORATION*

4

5

6                    By:_____

7                        THOMAS E. FRANKOVICH
                        Attorneys for Plaintiffs CRAIG YATES and LES JANKEY,
                        each an individual

8

9                    **DEMAND FOR JURY TRIAL**

10     Plaintiff hereby demands a jury for all claims for which a jury is permitted.

11

12  Dated: _____, 2009    THOMAS E. FRANKOVICH,
                                 *A PROFESSIONAL LAW CORPORATION*

13

14

15                    By:_____

16                        THOMAS E. FRANKOVICH
                        Attorneys for Plaintiffs CRAIG YATES and LES JANKEY,
                        each an individual

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

33

# EXHIBIT A

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

December 14, 2007

Manager
Clementine Restaurant
126 Clement St.
San Francisco, CA 94118

Dear Manager of Clementine Restaurant:

A while back, Craig Yates and I had dinner at Clementine. We both use wheelchairs and
had some real problems. I use a normal chair and Craig uses a power chair. Getting through the
front door was really difficult. It's real hard to get through the door. The ramp and area in front
of the door is quite small. The ramp is steep and you feel like you'll trip over going up. Seems
you could move the door over to create more space and reduce the door pressure. A power door
would help and maybe the steepness of the ramp could be fixed.

Also, the space between toilets made it difficult to get through. People had to move so
we could get by. Maybe you could re-configure your tables.

We couldn't get to the restrooms because of the people and tables. We didn't want to
disturb everyone having them all move. I think there were 20-40 more people, maybe more.
Anyway, you should check out your restrooms.

I would really appreciate it if you would give me written assurance within the next two
weeks that you will take care of these problems within the next three months. I'd like a written
agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like
to come back to Clementine Restaurant once it's accessible to me. I may still come back before
you do the work just because I like the place. If there is some problem doing this please let me
know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you
need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the
federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and
ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or
have someone do it for you. You could also get a list of barriers common to places like yours
and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

December 14, 2007

Owner of Building
Clementine Restaurant
126 Clement St.
San Francisco, CA 94118

Dear Owner of Building for Clementine Restaurant:

A while back, Craig Yates and I had dinner at Clementine. We both use wheelchairs and had some real problems. I use a normal chair and Craig uses a power chair. Getting through the front door was really difficult. It's real hard to get through the door. The ramp and area in front of the door is quite small. The ramp is steep and you feel like you'll trip over going up. Seems you could move the door over to create more space and reduce the door pressure. A power door would help and maybe the steepness of the ramp could be fixed.

Also, the space between toilets made it difficult to get through. People had to move so we could get by. Maybe you could re-configure your tables.

We couldn't get to the restrooms because of the people and tables. We didn't want to disturb everyone having them all move. I think there were 20-40 more people, maybe more. Anyway, you should check out your restrooms.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Clementine Restaurant once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

December 19, 2007

Manager
Clementine Restaurant
126 Clement St.
San Francisco, CA 94118

Dear Manager of Clementine Restaurant:

A while back, Craig Yates and I had dinner at Clementine. We both use wheelchairs and had some real problems. I use a normal chair and Craig uses a power chair. Getting through the front door was really difficult. It's real hard to get through the door. The ramp and area in front of the door is quite small. The ramp is steep and you feel like you'll trip over going up. Seems you could move the door over to create more space and reduce the door pressure. A power door would help and maybe the steepness of the ramp could be fixed.

Also, the space between toilets made it difficult to get through. People had to move so we could get by. Maybe you could re-configure your tables.

We couldn't get to the restrooms because of the people and tables. We didn't want to disturb everyone having them all move. I think there were 20-40 more people, maybe more. Anyway, you should check out your restrooms.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months: I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Clementine Restaurant once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.


Thank You,

Les Jankey

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

December 19, 2007

Owner of Building
Clementine Restaurant
126 Clement St.
San Francisco, CA 94118

Dear Owner of Building for Clementine Restaurant:

A while back, Craig Yates and I had dinner at Clementine. We both use wheelchairs and had some real problems. I use a normal chair and Craig uses a power chair. Getting through the front door was really difficult. It's real hard to get through the door. The ramp and area in front of the door is quite small. The ramp is steep and you feel like you'll trip over going up. Seems you could move the door over to create more space and reduce the door pressure. A power door would help and maybe the steepness of the ramp could be fixed.

Also, the space between toilets made it difficult to get through. People had to move so we could get by. Maybe you could re-configure your tables.

We couldn't get to the restrooms because of the people and tables. We didn't want to disturb everyone having them all move. I think there were 20-40 more people, maybe more. Anyway, you should check out your restrooms.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Clementine Restaurant once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

March 28, 2008

Philip Gridelle
Chef & Owner
Clementine Restaurant
126 Clement St.
San Francisco, CA 94118

Dear Philip:

I thought it best to go over the conversation we had at your restaurant this last
Wednesday. As I left, you asked me how the restroom was. Please recall that I was at the
restaurant while you were closed (in February) but in the process of remodeling. You showed me
the restrooms and they appeared to be compliant. I don't know what happened after that but
neither restroom appears accessible to me. That's disappointing to me and I think disappointing
to you.

You need to talk to the owner of the building, your architect and your contractor. You
paid good money and they should have fixed everything. Les Jankey, my friend, also wrote the
owner of the building before you took over. How come the owner hasn't been involved? Or do
you own the building?

Also, the ramp and door access doesn't work. I suggested just putting the door back on
the right side of the building. That's where a window is with big hinges.

You said when I left that I should come back to discuss it. I think you need to discuss it
with those people responsible. I'm giving you source information again. Get the info and just
come up with a solution:

- Pacific ADA and IT Center in Oakland at 1-800-949-4232, or
- Federal Government at 1-800-514-0301

When I'm back for dinner, maybe some progress will have been made. If you want, you
can write me. I don't intend to write anymore letters. In the past, people promise they'll do
things. Some do, some don't. I hope you are a "some do" guy.

Thank You,

Craig Yates

P.S.
Give a copy to the owner of the building.

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

August 15, 2008

Philip Gridele
Chef & Owner
Clementine Restaurant
126 Clement St.
San Francisco, CA 94118

Dear Philip:

Sometime ago, I both wrote you and spoke to you about wheelchair users. Remodeling was going on. This is what it appeared to me. You would know better. Anyway, you showed me where the new restrooms would be and I thought everything would be done right. I've also expressed that the front entrance doesn't really work for wheelchair users.

I suggested looking at what seemed to be an old entrance to the right of the existing entrance. It looked like an old doorway nailed shut and the pathway used for tables.

So my question is, are the restrooms now taken care of and why not use what looks like an old entrance and accessible as the main entrance or figure out how you could make it accessible?

Anyway, a lot of time has passed since I first wrote to whomever was the original tenant and landlord and now the new tenant. Why not get together and make it wheelchair friendly? It would seem to me that you could explain all of this because I just can't understand why what looks so simple to me has yet to be done. If what I've written about does not concern you, please send this letter to the person that should deal with my requests. As time is dragging on, I'd like to hear from you by August 25, 2008. That may seem short but then again, we've been through this for sometime. I've gotta believe somebody has the answer in their pocket and can simply tell me what side is up.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

August 15, 2008

Manager
Clementine Restaurant
126 Clement St.
San Francisco, CA 94118

Dear Manager of Clementine Restaurant:

Sometime ago, I both wrote you and spoke to the new owner of Clementine Restaurant about wheelchair users. Remodeling was going on with the new change of owner. This is what it appeared to me. You would know better. Anyway, the new owner of the restaurant showed me where the new restrooms would be and I thought everything would be done right. I've also expressed that the front entrance doesn't really work for wheelchair users.

I suggested looking at what seemed to be an old entrance to the right of the existing entrance. It looked like an old doorway nailed shut and the pathway used for tables.

So my question to both of you is, are the restrooms now taken care of and why not use what looks like an old entrance and accessible as the main entrance or figure out how you could make it accessible?

Anyway, a lot of time has passed since I first wrote to whomever was the original tenant and landlord and now the new tenant. Why not get together and make it wheelchair friendly? It would seem to me that you could explain all of this because I just can't understand why what looks so simple to me has yet to be done. If what I've written about does not concern you, please send this letter to the person that should deal with my requests. As time is dragging on, I'd like to hear from the both of you by August 25, 2008. That may seem short but then again, we've been through this for sometime. I've gotta believe somebody has the answer in their pocket and can simply tell me what side is up.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

August 15, 2008

Owner of Building
Clementine Restaurant
126 Clement St.
San Francisco, CA 94118

Dear Owner of Building for Clementine Restaurant:

Sometime ago, I both wrote you and spoke to the new owner of Clementine Restaurant about wheelchair users. Remodeling was going on with the new change of owner. This is what it appeared to me. You would know better. Anyway, the new owner of the restaurant showed me where the new restrooms would be and I thought everything would be done right. I've also expressed that the front entrance doesn't really work for wheelchair users.

I suggested looking at what seemed to be an old entrance to the right of the existing entrance. It looked like an old doorway nailed shut and the pathway used for tables.

So my question to both of you is, are the restrooms now taken care of and why not use what looks like an old entrance and accessible as the main entrance or figure out how you could make it accessible?

Anyway, a lot of time has passed since I first wrote to whomever was the original tenant and landlord and now the new tenant. Why not get together and make it wheelchair friendly? It would seem to me that you could explain all of this because I just can't understand why what looks so simple to me has yet to be done. If what I've written about does not concern you, please send this letter to the person that should deal with my requests. As time is dragging on, I'd like to hear from the both of you by August 25, 2008. That may seem short but then again, we've been through this for sometime. I've gotta believe somebody has the answer in their pocket and can simply tell me what side is up.

Thank You,

Craig Yates

August 23, 2008

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

Dear Craig Yates:

First of all I would like to apologize for not replying sooner. My previous secretary filed your letter instead of showing it to me beforehand. I definitely would love to meet with you again, knowing that we should work on a schedule where I can give you time and you can give me time.  The telephone number to my kitchen is (415) 387-0783; you are welcome to call me to this number Tuesday – Saturday from 12 p.m. to 12 a.m.  I am looking forward to speaking with you.

Respectfully yours,
Philippe Gardelle
Chef Owner
Clementine Restaurant

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 8, 2008

Philip Gridele
Chef & Owner
Clementine Restaurant
126 Clement St.
San Francisco, CA 94118

Dear Mr. Gridele:

Thank you for your August 23rd letter. I will call you and come by again. The solution as I see it is simple. See all my prior correspondence. At the east side of the building, there must have been a door. Make it the accessible entrance. You will lose a table but at least a wheelchair user can get in. Call Pacific ADA and IT Center in Oakland at 1-800-949-4232 or the federal government at 1-800-514-0301 and get all the requirements for your restrooms. Call your contractor and make sure everything meets the ADA codes. It's been a long time and this needs to be taken care of. Don't wait for me to call. Just start on it.

Sincerely,

Craig Yates